UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OTT,<br><br>         Plaintiff,<br><br>    vs.<br><br>M. VELA, et al.,<br><br>         Defendants. | CASE No. CV 11-03963 PSG (RZ)<br><br>MEMORANDUM AND ORDER DISMISSING INITIAL COMPLAINT WITH LEAVE TO AMEND |

The Court will dismiss the initial complaint in this civil rights action for failure to state a claim. Plaintiff believes that prison employees commit a freestanding federal civil rights violation when they allegedly screen out his prison administrative grievances improperly. They do not. Because it is possible that Plaintiff could amend to state a valid claim, the Court will grant him leave to attempt to do so.

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Gregory Ott, the *pro se* and *in forma pauperis* plaintiff, is a state inmate. He alleges that numerous state prison defendants have violated his constitutional rights by improperly rejecting and/or failing to process his in-prison administrative grievances. Prisoners do not enjoy any constitutional right to a particular kind of grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). It is true that federal law generally requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a) . But if prison officials improperly frustrate a prisoner's efforts to exhaust administrative remedies, then the improper actions do not give rise to a new, independent federal civil rights claim. *See Ramirez.* Instead, such an improper rejection may permit the prisoner to proceed to court anyway, with the need for formal exhaustion excused by the employees' misconduct. *See, e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 822-24 (9th Cir. 2010).[1] Of course, a prison-employee defendant may move to dismiss the prisoner's lawsuit for failure to exhaust in-prison remedies. If the prisoner, in opposing such a motion, submits persuasive evidence about the prison's improper efforts to prevent exhaustion, then the court may deny the defendant's dismissal motion. *See, e.g.*, *Sapp, supra*, 623 F.3d at 822-23. But *Sapp* and similar cases involve a prisoner's response to a dismissal motion; they do not create or recognize a freestanding cause of action for improper grievance-rejection.

---

[1] Plaintiff includes very little intelligible information about just what alleged prison-employee wrongdoing *underlies* the rejected grievances. What he does include must be gleaned and guessed at from his exhibits rather than from a plain explanation in the body of the complaint. An exhibit on page 16 of the complaint mentions an electric fan belonging to Plaintiff that was thrown out. In that exhibit, a prison employee states that Ott wished to mail his fan home but lacked sufficient funds in his account, resulting in disposal of the fan after ten days. (Some of the other exhibits indicate that Ott disputed the prison's view that he lacked funds and argued that some improper "holds" had been placed on his account.) Even if the Court construed the complaint with utmost liberality, these allegations about being improperly deprived of a fan do not state a federal civil rights claim because California offers an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1997).

Based on the foregoing, the initial complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint. *The Court admonishes Plaintiff not to include allegations or claims already included in his other active lawsuit in this District*, Ott v. Lopez, *No. CV 11-4291 PSG (RZ)*.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: January 18, 2012

```
                                    RALPH ZAREFSKY
                              UNITED STATES MAGISTRATE JUDGE
```